NO. 07-06-0111-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 15, 2006

_____


TEXAS TECH UNIVERSITY, APPELLANT

V.

STEPHEN FINLEY, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-530,407; HONORABLE BLAIR CHERRY,JR., JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.


**OPINION**


By this accelerated appeal, appellant, Texas Tech University, challenges the trial court's order denying its plea to the jurisdiction and granting injunctive relief in favor of appellee, Stephen Finley. Presenting two issues, Texas Tech contends the trial court erred by (1) denying its plea to the jurisdiction when Finley did not file his discrimination complaint

within 180 days after the date of the alleged discrimination, and (2) enjoining it from having future contact with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission-Civil Rights Division (TWC-CRD)[1] regarding Finley's claim. We affirm in part and reverse and render in part.

Finley was terminated from his employment at Texas Tech University on November 7, 2003. Following his termination, he filed suit against Texas Tech alleging claims of age discrimination and retaliation. Texas Tech subsequently filed a plea to the jurisdiction contending the trial court lacked subject-matter jurisdiction because Finley failed to timely file a discrimination complaint with the TWC-CRD within 180 days after the date the "alleged unlawful employment practice occurred." *See* Tex. Lab. Code Ann. § 21.202(a) (Vernon 2006). Under section 21.202, Finley must have filed his discrimination complaint no later than May 5, 2004. In response to the plea, Finley asserted his discrimination complaint was timely mailed to the El Paso Area Office of the EEOC in a letter dated March 10, 2004.[2] He further claimed he completed a charge questionnaire in April 2004 which supplemented his initial complaint.

On March 10, 2006, the court held a hearing on the plea. At the hearing, Texas Tech contended that Finley's discrimination complaint was untimely because the formal

---

[1]In 2004, the powers and duties of the Texas Commission on Human Rights (TCHR) were transferred to the newly formed Civil Rights Division of the Texas Workforce Commission. Tex. Lab. Code Ann. § 21.0015 (Vernon 2006).

[2]A file-stamped copy of the letter was attached to the pleadings.

charge of discrimination on file with the TWC-CRD was dated July 26, 2004, eighty-three days after the 180-day deadline. In response, Finley introduced into evidence, without objection, two letters, one from the El Paso EEOC and one from the TWC-CRD, stating that his March 10 correspondence was received on April 5, 2004, that it fulfilled the requirements of a complaint, and his complaint was timely filed. Following the hearing, on March 21, 2006, the trial court signed an order denying the plea to the jurisdiction. The order also prohibited Texas Tech from contacting either agency in further attempts to interfere with their previous findings.[3] By its first issue, Texas Tech contends the order denying the plea was error. We disagree.

## Standard of Review

A party may challenge a trial court's subject-matter jurisdiction by a plea to the jurisdiction. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638-39 (Tex. 1999). A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claim asserted has merit. Bland Independent School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law; therefore, we review the trial court's order denying the plea de novo. Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

---

[3] *See infra* footnote 6.

In deciding a plea to the jurisdiction, we look to whether the plaintiff has alleged facts in his pleadings that affirmatively demonstrate the trial court's jurisdiction to hear the cause. Texas Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004). However, when a plea to the jurisdiction challenges the existence of jurisdictional facts, our review is not restricted solely to the pleadings, but we must consider any relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. *Id*; *Bland*, 34 S.W.3d at 555.

## Finley's Discrimination Complaint

Under Texas law, a person claiming employment discrimination must exhaust all administrative remedies prior to bringing a civil action in district court. Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991). To initiate the administrative process, an aggrieved employee must file a complaint with the EEOC or TWC-CRD no later than the 180th day after the date the alleged unlawful employment practice occurred.[4] Tex. Lab. Code Ann. § 21.201-.202; Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996). This time limit is mandatory and jurisdictional. *Schroeder*, 813 S.W.2d at 486. Failure to timely file an administrative complaint deprives Texas trial courts of subject-

---

[4]Although Texas Tech cites in its brief that Finley was required to file a complaint with the TWC-CRD regardless of whether an administrative charge was filed with the EEOC, under the 1998 Worksharing Agreement, an initial complaint filed with the EEOC will also be considered filed with the TWC-CRD. Vielma v. Eureka Co., 218 F.3d 458, 462-63 (5th Cir. 2000); Burgmann Seals Am., Inc. v. Cadenhead, 135 S.W.3d 854, 857 (Tex.App.–Houston [1st Dist.] 2004, no pet.).

matter jurisdiction. Vincent v. W. Tex. State Univ., 895 S.W.2d 469, 473 (Tex.App.–Amarillo 1995, no writ).

In the present case, Finley contends there is substantial evidence his claim was timely filed within the 180-day statute of limitation. Foremost, the record contains a fourteen-page letter addressed to the EEOC-El Paso Area Office dated March 10, 2004, and file-stamped April 5, 2004. The first sentence of the letter reads "I would like to relate to you a charge of employment discrimination (based on age and possibly other factors) against Texas Tech University." As evidenced by the correspondence admitted at the March 10, 2006 hearing, Finley's March 10 complaint letter was received by the EEOC on April 5, 2004, and satisfied the requirements of a timely filed complaint. Furthermore, the TWC-CRD confirmed by letter that, because complaints filed with the EEOC are automatically dually filed with the TWC-CRD upon receipt, the March 10 letter was properly filed within the 180-day statute of limitation. Also attached to the pleadings is a charge questionnaire, file-stamped April 23, 2004, summarizing the complaints made in the March 10 letter.

However, despite this jurisdictional evidence, Texas Tech propounds several reasons why Finley's complaint remains untimely filed. First, it argues the July 26, 2004 charge of discrimination contained in the TWC-CRD's certified file is the "formal complaint" which initiated the administrative process. Similarly, Texas Tech contends the EEOC's

5

actions indicate the agency did not consider Finley's complaint timely filed until the July 26 charge. We disagree.

Our examination of the July 15, 2004 letter from the EEOC, which Texas Tech contends supports its position that the administrative process had not yet begun, reveals the July 26 charge is actually the perfected charge prepared by the EEOC "as a result of the information provided" in Finley's initial correspondence. *See* Tex. Lab. Code Ann. § 21.201(d). The letter instructs Finley to review the prepared charge, make corrections where necessary, sign and date, and return to the EEOC office. The record reflects (1) the EEOC received Finley's initial complaint on April 5, (2) Finley completed an initial charge questionnaire on April 23, (3) the EEOC prepared a perfected charge which it mailed to Finley on July 15, (4) Finley reviewed and returned the perfected charge to the EEOC on July 26, and (5) the perfected charge was forwarded to Texas Tech within ten days pursuant to 21.201(d).[5]

This sequence of events is supported by the fact that Chapter 21 of the Labor Code recognizes a clear distinction between an original complaint and a perfected complaint. *See* Tex. Lab. Code Ann. § 21.201(d)-(g) (providing that the respondent shall be served with a copy of the perfected complaint, but "[i]f a perfected complaint is not received by the commission within 180 days of the alleged unlawful employment practice, the commission shall notify the respondent that a complaint has been filed and that the process of

---

[5]The EEOC notified Texas Tech of Finley's discrimination claim on August 2, 2004.

perfecting the complaint is in progress."). Furthermore, as we explained in Brammer v. Martinaire, Inc., 838 S.W.2d 844, 846 (Tex.App.–Amarillo 1992, no writ), the regular practice "is to require an aggrieved party to complete a questionnaire concerning his charge and submit it to [the Commission]. The Commission thereafter prepares a formal charge and sends this to the complainant to be reviewed and signed under oath." The record here suggests this was the course of action taken by the EEOC with respect to Finley's charge. Consequently, we find no merit in Texas Tech's contention that the administrative process was not initiated until the July 26 charge was filed.

In addition, acknowledging the documents filed prior to the 180-day deadline, Texas Tech insists the documents Finley filed with the EEOC "do not count" because there is nothing in the certified record of his TWC-CRD file which predates the July 26 charge. However, we are unable to find any authority, and none has been cited, indicating whether all documents originally filed with the EEOC are required to be retained by the TWC-CRD. More important, for the purposes of this appeal, it is a question we need not decide. The TWC-CRD has recently clarified that "[f]or the purpose of satisfying the filing requirements of Texas Labor Code § 21.201 . . . timeliness of the complaint shall be determined by the date on which the complaint is received by EEOC." 30 Tex. Reg. 6082 (2005), *adopted* 30 Tex. Reg. 6065 (2005) (codified at 40 Tex. Admin. Code § 819.71).

In Finley's case, the relevant evidence shows a letter satisfying the elements of a complaint was received on April 5, 2004, one month prior to the statutory time limit.

7

Accordingly, we hold Finley's complaint was timely filed and agree that the trial court had jurisdiction over the matter. Texas Tech's first issue is overruled.

## Award of Injunctive Relief

By its second issue, Texas Tech contends the trial court erred by enjoining it from having future contact with the EEOC or the TWC-CRD related to this matter.[6] We agree.

By its March 21, 2006 order, in addition to denying the plea to the jurisdiction, the trial court ordered as follows:

> Defendant is further ordered to cease contact with the Equal Employment Opportunity Commission or the Texas Workforce Commission-Civil Rights Division in further attempts to interfere with the previous findings of those agencies regarding the timeliness and sufficiency of Plaintiff's attempts at administrative relief.

Finley requested injunctive relief in his second response to the plea to the jurisdiction. Yet, by his pleadings, he did not seek a temporary restraining order or temporary injunction pursuant to Rules 680 and 681 of the Rules of Civil Procedure. However, because the trial court's order places restrictions on Texas Tech and is made effective immediately, it functions as a temporary injunction and is void because, among other reasons, the order

---

[6]One week prior to the hearing, the TWC-CRD reversed its position and issued a letter rescinding Finley's notice of right to file a civil action which it issued in February 2005. Five days later, after further review, the TWC-CRD again reversed its position, rescinding the letter rescinding Finley's right to file a civil action. At the hearing on the plea, Finley claimed the TWC-CRD informed him that the Attorney General's Office had contacted them and caused this to happen. As a result, Finley informally requested injunctive relief.

failed to set bond and failed to include a date for a trial on the merits as required by Rules 683 and 684. *See* Qwest Communications Corp. v. AT & T Corp., 24 S.W.3d 334, 337 (Tex. 2000); Ebony Lake Healthcare Ctr. v. Tex. Dep't of Human Serv., 62 S.W.3d 867, 870 (Tex.App.–Austin 2001, no pet.). Therefore, Texas Tech's second issue is sustained.

Accordingly, that portion of the trial court's order prohibiting Texas Tech University from further contact with the Equal Employment Opportunity Commission and the Texas Workforce Commission-Civil Rights Division is reversed and we hereby render judgment dissolving that portion of the trial court's order awarding Stephen Finley injunctive relief. In all other respects, the order is affirmed.

Don H. Reavis
Justice