# NO. 12-21-00015-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GUNTER P. COFFEY,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW* |
| *TEXAS PARKS AND WILDLIFE*<br>*DEPARTMENT,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gunter P. Coffey appeals the trial court's order granting Appellee Texas Parks and Wildlife Department's plea to the jurisdiction and dismissing his claims with prejudice. Coffey raises three issues on appeal. We affirm.

## BACKGROUND

In 2016, Coffey was employed by the Texas Parks and Wildlife Department (the Department). On December 27, 2016, Coffey submitted an intake questionnaire to the Equal Employment Opportunity Commission (EEOC), in which he alleged disability discrimination, a hostile work environment, and retaliation for his reporting discrimination (the First Charge). The EEOC received Coffey's First Charge on May 10, 2017. The Department terminated Coffey's employment on July 7. On July 19, the EEOC closed Coffey's First Charge and mailed him a "right-to-sue" letter.

On August 10, 2017, Coffey submitted an intake questionnaire to the EEOC, which alleged additional claims of age discrimination and retaliation (the Second Charge). The EEOC received Coffey's Second Charge that same day. Coffey also filed his Second Charge with the Texas Workforce Commission (TWC), which received the charge on August 22.

1

On October 17, 2017, Coffey filed a federal employment lawsuit, in which he made claims for disability and age discrimination, hostile work environment, and retaliation for his reporting discrimination and filing a charge with the EEOC. On November 14, the Department moved to dismiss Coffey's suit, and Coffey filed a voluntary motion to dismiss on December 1.[1] The federal district court granted Coffey's motion to dismiss on December 4.

On December 7, 2017, Coffey submitted his Third Charge to the EEOC. Coffey's Third Charge was a word-for-word duplicate of his Second Charge and, for this reason, the EEOC closed the matter of the Third Charge on March 27, 2018.

On November 26, 2019, Coffey filed the instant suit, in which he alleged causes of action against the Department for disability discrimination, age discrimination, hostile work environment, and retaliation for reporting discrimination and filing the First Charge.[2] On April 9, 2020, the Department filed a plea to the jurisdiction, in which it alleged that the trial court lacked jurisdiction because, among other reasons, Coffey failed to file suit within two years of filing his EEOC discrimination charges and the Texas Commission on Human Rights Act's (TCHRA) election of remedies provision prevents Coffey from filing suit under the TCHRA after he brought a federal suit based on the same allegations of discrimination and retaliation. Coffey filed a response, and, ultimately, the trial court granted the Department's plea to the jurisdiction. This appeal followed.

## LIMITATIONS

In his second issue, Coffey argues that the trial court erred in granting the Department's plea to the jurisdiction because he filed the Second Charge timely following his termination and, thereafter, timely filed the instant suit.

### Standard of Review and Governing Law

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Parks & Wildlife Dep't v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The TCHRA provides a limited waiver of sovereign immunity when a governmental unit committed

---

[1] That same day, Coffey's counsel sent a duplicate of the Second Charge along with a letter to the EEOC referencing the Second Charge and the August 10 intake questionnaire.

[2] On December 6, 2019, the EEOC closed Coffey's second charge and mailed him a "right-to sue" letter.

employment discrimination based on race, color, disability, religion, sex, national origin, or age, or when a governmental entity retaliated or discriminated against a person who engaged in certain protected activities. *See* TEX. LAB. CODE ANN. §§ 21.002(8)(D), 21.051, 21.254 (West 2021); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008); *Tex. Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex. App.–Austin 2004, no pet.). Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is, therefore, properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26.

Whether a court has subject matter jurisdiction and whether a plaintiff pleaded facts that affirmatively demonstrate subject matter jurisdiction are questions of law that we review de novo. *Id.* at 226. In deciding a plea to the jurisdiction, we are not to weigh the merits of the plaintiff's claims but are to consider the plaintiff's pleadings, construed in the plaintiff's favor, and evidence pertinent to the jurisdictional inquiry. *Id.* at 227–28; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

In this case, the question of whether the Department's sovereign immunity from suit has been waived turns on whether Coffey filed the instant suit within two years of the date of his charge with the EEOC. *See* TEX. LAB. CODE ANN. § 21.256 (West 2021); *see also Goss v. City of Houston*, 391 S.W.3d 168, 176 (Tex. App.–Houston [1st Dist.] 2012, no pet.) (when claims barred by limitations period set forth in Section 21.256, trial court lacks subject matter jurisdiction). The Department asserts that Coffey's pleadings and the undisputed jurisdictional evidence establish that he failed to do so and that such failure jurisdictionally bars his claims. On appeal, Coffey does not challenge the Department's jurisdictional evidence regarding the relevant dates but instead, argues that limitations runs from a date other than the dates the relevant charges of discrimination were filed. Therefore, because the jurisdictional facts are undisputed, we make the jurisdictional determination as a matter of law based on those undisputed facts. *See Lueck v. State*, 325 S.W.3d 752, 756–57 (Tex. App.–Austin 2010, pet. denied) (citing *Miranda*, 133 S.W.3d at 227–28).

A civil action for employment discrimination may not be brought later than the second anniversary of the date the complaint relating to the action is filed. *See* TEX. LAB. CODE ANN. § 21.256. For the purpose of satisfying the filing requirements of Texas Labor Code, Section

21.201,[3] timeliness of the complaint shall be determined by the date on which the complaint is received by the EEOC.[4]  *See Tex. Tech Univ. v. Finley*, 223 S.W.3d 510, 514–15 (Tex. App.–Amarillo 2006, no pet.).[5]

**Discussion**

In the instant case, Coffey's First Charge raised claims of disability discrimination, hostile work environment, and retaliation for his reporting discrimination.  The First Charge was received by the EEOC on May 10, 2017.  Furthermore, following the termination of his employment with the Department, Coffey submitted his Second Charge, in which he alleged claims of age discrimination and retaliation.  The EEOC received the Second Charge on August 10, and the TWC received its copy on August 22.

Coffey contends that the two-year statute of limitations begins to run from the date that the charge is perfected and, with regard to his Second Charge, the TWC was required to serve him with a copy of the perfected complaint not later than the tenth day after the date the charge was filed.  *See* TEX. LAB. CODE ANN. § 21.201(d).  As set forth previously, the limitation period begins to run on the date the complaint is filed, which is determined by the date the complaint is received.  *See id.* § 21.254; *Finley*, 223 S.W.3d at 514–15.  Yet, even if Coffey was not served timely with a copy of the perfected complaint, he nonetheless acknowledged during oral argument of this case that he had actual knowledge that the EEOC received the Second Charge by virtue of the March 27, 2018 letter from the EEOC notifying him that it was dismissing his Third Charge because it was duplicative of his Second Charge, the filing of which the letter acknowledged.  And while the TWC was required to communicate with Coffey more expeditiously so as to acknowledge the filing of his complaint and the progress of perfection of the complaint,[6] this fact does not change the outcome of this matter.  Coffey has not cited, nor is

---

[3] Section 21.201 sets forth, among other things, the requirements for filing a complaint by a person claiming to be aggrieved by an unlawful employment practice.  *See* TEX. LAB. CODE ANN. § 21.201(a) (West 2021).

[4] Under the 1998 Worksharing Agreement, an initial complaint filed with the EEOC also will be considered filed with the Texas Workforce Commission-Civil Rights Division.  *See Tex. Tech Univ. v. Finley*, 223 S.W.3d 510, 513 n.4 (Tex. App.–Amarillo 2006, no pet.).  Nonetheless, the record reflects that Coffey filed a copy of this charge with the TWC, which was received on August 22, 2017.

[5] *But see Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 73 (Tex. App.–Austin 2009, pet. denied) (recognizing that timely filed intake questionnaires sometimes may be used to satisfy timeliness requirement under TCHRA).

[6] *See* TEX. LAB. CODE ANN. § 21.201(g).

this court aware of, any authority which holds that a party, who knows that his charge of discrimination has been filed and received, bears no responsibility to exercise some manner of additional diligence to determine the precise date on which the charge he filed was received in order to ensure that he ultimately may file suit in state court within the two-year limitations period.

It is apparent that the underlying circumstances surrounding the filing and receipt of Coffey's Second Charge are a departure from the routine variety envisioned by the Legislature in Section 21.201. Nevertheless, the record before us is clear on at least three undisputed points: (1) Coffey's First Charge was received by the EEOC on May 10, 2017; (2) Coffey's Second Charge was received by the EEOC on August 10 and received by the TWC on August 22; and (3) Coffey filed the instant suit on November 26, 2019. Therefore, because Coffey filed this suit more than two years after the date his First and Second Charges were received by either the EEOC or TWC, we conclude that it is barred by limitations. *See* TEX. LAB. CODE § 21.254; *Finley*, 223 S.W.3d at 514–15. Therefore, we hold that the trial court did not err in granting the Department's plea to the jurisdiction. *See Goss*, 391 S.W.3d at 176. Coffey's second issue is overruled.[7]

**DISPOSITION**

Having overruled Coffey's second issue, we ***affirm*** the trial court's order granting the Department's plea to the jurisdiction and dismissing Coffey's claims with prejudice.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 6, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[7] Because of our resolution of Coffey's second issue, we do not consider Coffey's first and third issues, in which he argues that the trial court erred in granting the Department's plea to the jurisdiction because (1) Coffey's prior suit in federal court did not constitute an election of remedy and (2) he timely exhausted his complaint despite the Department's delay in responding to the charge. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 6, 2021**

**NO. 12-21-00015-CV**

**GUNTER P. COFFEY,**
Appellant
V.
**TEXAS PARKS AND WILDLIFE DEPARTMENT,**
Appellee

Appeal from the County Court at Law
of Smith County, Texas (Tr.Ct.No. 71315)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **GUNTER P. COFFEY**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*